## Narcisse Beauvais *v.* Georgiana Wall and Husband.

The name of the vendee in the body of the act of sale was omitted, the notary and one of the witnesses to the act were offered to prove that *H. T. W.*, whose name was subscribed together with that of the vendor to the act, was the purchaser—*Held:* that the omission could be supplied by such parol evidence.

Where it was proved that the original of an act of transfer and assignment had been deposited in the General Land Office—*Held:* that the registry of it in a book in the Recorder's office, with the certificate of the Parish Judge appended, was competent evidence of the transfer and of its registry.

Where it is impossible for a party to produce an original, which is on file in the Land Office as a part of the archives of the Government, a copy is admissible in evidence.

Where the wife, as heir of the husband, applied for a patent which was issued to her as his *assignee*, a title in her, independent of her husband, cannot be inferred, and the patent must enure to the benefit of the husband's vendee.

APPEAL from the District Court of the Parish of Pointe Coupée, *Ratliff*, J. *T. J. & W. H. Cooley*, for plaintiff and appellant. *A. Provosty*, for defendants.

Buchanan, J. This is a petitory action for a tract of land. The plaintiff and defendant exhibit titles derived from the same source.

The plaintiff, who is appellant, relies upon several bills of exception taken by him to the admission of evidence.

The first is to the notary and one of the witnesses of a notarial act of sale, in the body of which the name of the vendee had been omitted, offered to prove that *H. T. Williams*, whose name was subscribed, together with that of the vendor, to the act, was the purchaser of the land sold thereby. There was no error in the admission of this testimony, under the facts of this case.

There was a manifest omission of a material part of the instrument, which omission made it unintelligible ; and which might, and could only be supplied by parol proof. A case in point is *Union Bank* v. *Penn*, 7th Robinson, p. 80, where the court allowed parol proof of the date which had beed omitted in a notarial certificate of protest.

Plaintiff also excepted to the admission of a book from the Recorder's office, and therein the registry of a transfer and assignment by *Pierre David* to *E. B. Williston*, with the certificate of the Parish Judge thereto appended ; offered to prove the transfer and assignment and its registry. The objections are, that it is only a copy of the original ; that the original should be produced or accounted for. The copy of the act recorded and the certificate of the Parish Judge were competent evidence. See *Wood* v. *Harrell*, lately decided. But the original of *David's* assignment to *E. B. Williston* was sufficiently accounted for in other parts of the record. It is proved to have been deposited by plaintiff's author in the General Land Office at Washington, as one of the documents upon which the patent was issued, which is plaintiff's title to the land in controversy.

The next bill of exceptions is to the admission of a copy of *Mrs. Almira Williston's* affidavit, that she was owner of the land claimed, by device or legacy from *E. B. Williston*, on file in the General Land Office, and the certificate of the Commissioner of the Land Office. The objection is that the original should have been produced. But this is shown to be impossible, as the original is part of the archives of the Government.

Plaintiff also excepts to the admission of a nortarial act of sale of the property

in dispute by *E. B. Williston*, signed by said *Williston*, by *H. T. Williams*, by two witnesses and by the notary.

The objection was that there was no vendee named in the said act of sale. This objection went only to the effect of the evidence. It was offered to show that the title had passed out of *E. B. Williston* previous to his death ; and the omission of the name of the vendee was, under the circumstances of the case, properly supplied by the testimony of the notary and witness, which was the subject of the first bill of exceptions above mentioned, and by other evidence in the record.

Upon the evidence, the case is clearly with defendant, who has shown a complete chain of title from *E. B. Williston*, assignee of *Pierre David*, the preëmptor, to herself. The patent issued to *Elmira* or *Almira Williston*, as assignee of *David*, and it has been attempted to infer from this expression of the patent a title in the grantee, independendent of her deceased husband, *E. B. Williston*. But the evidence establishes that the latter was the immediate assignee of *David*, and that *Mrs. Williston* applied for the patent as heir of her husband. But her husband having sold to another his right and interest, previous to his death, the patent inured to the benefit of his vendee and the assigns of that vendee in the same manner as if the vendor had been vested with the legal title at the date of the conveyance. *Landes* v. *Brant*, 10 Howard, 374 ; *Pepper* v. *Dunlap*, 9 An. 140.

Judgment affirmed, with costs.

Merrick, C. J., concurring. I concur in the decree of the court in this case, but am unwilling to assent to so much as has been said respecting the admissibility of parol proof to supply the name of the purchaser in the body of the act of sale from *E. B. Williston* to *H. T. Williams*.

Whatever ambiguity arises upon this instrument is *patent*. The most, therefore, that could be done would be to examine it " by the light of surrounding circumstances." But these could hardly supply the want of a party to the instrument itself. 1 Greenleaf, sec. 297 et seq.

If the name of the grantee could be supplied by parol, then that of the grantor, and the subject-matter of the contract itself could be supplied in the same way, and thus the instrument would be no longer in writing.

The case cited from 7 Rob. 80 is not at all in conflict with this view. In that case the proof of demand and notice of non-payment might have been made exclusively by parol, and the courts there say that they are not prepared to say that a party should not be permitted to prove such additional facts as may be deemed necessary to establish the notice of the protest.

So, too, where a contract has been entered into without date, as the date is not essential to it, the time of its delivery may be proven *aliunde*.

In this case, however, I do not see any great difficulty in arriving at the intention of the party from the instrument itself. It is true that the name of the grantee is not mentioned in the body of the act. But *id certum est quod certum reddi potest*. The instrument shows that *Williston* was the vendor ; that he received the price which was paid him by the other party ; that there were but two parties to the act, and that they signed the act with the witnesses whose names are given in the body of the act. The names of the witnesses, the notary and the vendor being given, it is demonstrated that the only other person signing the act is the vendee, and he is *H. T. Williams*.

The parol proof in fact proves nothing more than is shown by the act of sale.

The judgment of the lower court, I think with my colleagues, ought to be affirmed.